## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                          **Case No.  6:06-cr-166-PCF-GJK**

**JAMES F. MASON**

_____

## ORDER

This case comes before the Court on the following:

1.     Motion for Reconsideration by James Mason (Doc. No. 125, filed Nov. 29, 2010); and

2.     Response to Defendant's Motion for Reconsideration by the United States (Doc. No. 126, filed

Jan. 4, 2011).

### Background

On December 21, 2006, James Mason pled guilty to conspiracy to possess cocaine base with

intent to distribute it in violation of 21 U.S.C. §§ 846 and 841(a)(1) pursuant to a plea agreement.

(Doc. No. 56, filed Dec. 22, 2006.)   Prior to sentencing, the United States filed a Motion for

Downward Departure of Defendant's Sentence Based Upon Substantial Assistance seeking a two-level

reduction of Mason's base offense level under U.S.S.G. § 5K1.1.  (Doc. No. 79, filed Apr. 26, 2007.)

At sentencing, the Court granted the Motion for Downward Departure, awarding Mason a three-level

reduction of his base offense level, and sentenced Mason to 120 months imprisonment.  (Doc. Nos.

79, 83, 84, and 87.)  On June 30, 2008, the Court further reduced Mason's sentence to 100 months in

response to the retroactive application of the crack cocaine amendment, 18 U.S.C. § 3582(c)(2). (Doc.

No. 115.)

On October 18, 2010, Mason filed a Motion to Compel Specific Performance of Movant's Proffer Agreement Pursuant to Federal Rule of Criminal Procedure 35(b).  (Doc. No. 122.)  The United States responded in opposition.  (Doc. No. 123, filed Nov. 3, 2010.)  The Motion to Compel was subsequently denied for the reasons included in, but not limited to, the response filed by the United States.   (Doc. No. 124, filed Nov. 3, 2010.)   Mason filed the present Motion for Reconsideration on November 29, 2010, arguing that the United States discriminated against him on the basis of his race in refusing to file a Rule 35(b) motion.  (Doc. No. 125.)  In response, the United States contends that race did not impact its decisions regarding sentencing reductions. (Doc. No. 126.)

**Analysis**

A court may reduce a defendant's sentence based on the defendant's substantial assistance in investigating or prosecuting another person where the government moves for such a reduction under Rule 35(b) .  Fed. R. Crim. P. 35(b).  The government has "'a power, not a duty to file a motion when a defendant has substantially assisted.'"  *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)).  However, the Supreme Court has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive" such as "the defendant's race or religion."  *Wade*, 504 U.S. at 185-86.  Judicial review of the government's refusal to file a Rule 35(b) motion is appropriate where there is an "allegation *and a substantial showing*" of an unconstitutional motive.  *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (citing *Forney*, 9. F.3d at 1502) (emphasis in original).  "A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or an evidentiary hearing."  *Id*.

-2-

In the present case, Mason fails to make a substantial showing of an unconstitutional motive. Mason alleges that he provided the United States with substantial assistance and the United States refused to file a Rule 35(b) motion on his behalf because he is African-American. (Doc. No. 125 at 2.) In support of this allegation, Mason contends that his co-defendant, Andrea Mills, a white female, provided the United States with similar substantial assistance and was rewarded with a Rule 35(b) motion. (*Id*.) However, the record demonstrates that the United States did not file a Rule 35(b) motion on behalf of Mills. Rather, the United States filed a Rule 5K1.1 motion requesting a two-level reduction of Mills's base offense level, the same relief requested in the Rule 5K1.1 Motion filed on behalf of Mason. (Doc. Nos. 58, 79.) Accordingly, Mason has not made a substantial showing of an unconstitutional motive and therefore is not entitled to a remedy or an evidentiary hearing.

### Conclusion

Based on the foregoing, the Motion for Reconsideration by James Mason (Doc. No. 125, filed Nov. 29, 2010) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 10th day of January, 2011.

Copies furnished to:

Counsel of Record:
Unrepresented Parties

James F. Mason

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

-3-